# In the United States Court of Federal Claims

No. 20-1692
(Filed: September 10, 2021)

```
*************************************
CARL E. THOMAS,                      *
                                     *
                                     *
              Plaintiff,             *
                                     *        RCFC 12(b)(1); Lack of Subject-
       v.                            *        Matter Jurisdiction; In Forma
                                     *        Pauperis; Default Judgment.
THE UNITED STATES,                   *
                                     *
              Defendant.             *
*************************************
```

*Carl E. Thomas*, Memphis, TN, *pro se*.

*Ashley Akers*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

      Carl E. Thomas, a *pro se* plaintiff, brings this suit against the United States seeking reimbursement of funds deducted from his railroad disability annuity to satisfy a default judgment entered against him in a fraud case before a United States district court. Before the Court are the government's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim and Mr. Thomas's motion to proceed *in forma pauperis* and motion for default judgment. Because Mr. Thomas fails to meet his burden of establishing this Court's jurisdiction over his claims, the Court **GRANTS** the government's motion to dismiss. Also, Mr. Thomas's motion to proceed *in forma pauperis* is **GRANTED**[1] and motion for default judgment is **DENIED**.

## I.  BACKGROUND

      Mr. Thomas is a sixty-eight-year-old, disabled railroad worker who receives a disability annuity under the Railroad Retirement Act. *See* Compl. at 1-2, ECF No. 1; Pl.'s Resp. at 1, ECF No. 14; Pl.'s Resp. Ex B; Mot. to Proceed *In Forma Pauperis* at 2, ECF No. 2. Mr. Thomas states that, in November 2016, he received "a notice of funds to be withdrawn from [his] railroad

---

[1] The Court reviewed Mr. Thomas's application to proceed *in forma pauperis*, ECF No. 2, and determined that Mr. Thomas sufficiently demonstrated that he is unable to pay the filing fees for this case.

retirement account from the U.S. Attorney's Office of the Northern District of Illinois."[2] Compl. at 2. The deduction of funds apparently stems from a default judgment in the amount of $8,640.00 entered against Mr. Thomas in June 2000 due to his "failing to appear in court" in a case before the United States District Court for the Northern District of Illinois. *Id*. at 1-2; Compl. Ex. A. The case involved alleged fraud by Mr. Thomas relating to an unemployment claim. *Id*. at 1. The deductions have recurred since November 2016 and, according to Mr. Thomas, were still taking place at the time of his complaint. Pl.'s Resp. at 6.

In his complaint, Mr. Thomas challenges the actions of the United States Attorney's Office ("USAO") in connection with the fraud allegation, default judgment, and subsequent deductions of funds from his retirement account. Compl. at 3. He alleges that the USAO failed to "get a summons in the hand of the defendant or anyone of age at his address" in relation to the "case of fraud" because they "failed to look and check to see did the defendant reside at the address on file with the court." *Id*. As a result, Mr. Thomas claims that he was not given notice that the case "even existed or that anyone made such a claim against him." *Id*.

Mr. Thomas further claims that "the [USAO] violated the defendant's right to a fair trial, and they misled the court in their request for an Order of Default Judgment." *Id*. Mr. Thomas alleges that the USAO provided the "U.S. court false information" and "misled the court in their request for an Order of Default Judgment." *Id*. Mr. Thomas also challenges the "factual circumstances surrounding" his "application for unemployment" by stating that the USAO did not have a valid case for fraud against him. *Id*. at 3-4. With respect to the deductions of funds from his retirement account, Mr. Thomas questions whether the USAO will "profit or enrich itself from a U.S. citizen without a fair trial." *Id*. at 3.

The government moves to dismiss Mr. Thomas's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss at 1 [hereinafter Def.'s MTD], ECF No. 9. The government asserts that Mr. Thomas's claims are based on torts and that his complaint does not allege any cause of action based upon a money-mandating constitutional provision, statute, or regulation, as required by the Tucker Act. *Id*. Alternatively, the government moves to dismiss the complaint for failure to state a claim pursuant to RCFC 12(b)(6) because, while Mr. Thomas alleges that the default judgment against him was entered improperly, this Court does not have the authority to set aside the judgment of the district court. *Id*. at 2.[3]

In his response, Mr. Thomas clarifies that he "is not seeking to have the [default judgment] vacated or set aside" but is instead "questioning [whether] the action taken by the Department of Justice" was justified with respect to the Department of Justice's "representing the Railroad Retirement Board" in the "recovery of the money [Mr. Thomas] received from the unemployment claim he filed." Pl.'s Resp. at 2-3. Mr. Thomas continues to challenge the actions of the Department of Justice regarding the "process of deducting money out of his pension fund from his railroad retirement benefit for a case it won in June of 2000, by default." *Id*. at 2. As a

_____

[2] When quoting Mr. Thomas's filings in this opinion, the Court has corrected capitalization, spelling, and grammatical errors.

[3] Because the Court dismisses the complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), the Court does not address dismissal for failure to state a claim pursuant to RCFC 12(b)(6).

remedy, Mr. Thomas asks "that the funds the Department of Justice has been receiving for years be returned to [him], and that any further withdrawal from [his] annuity be halted." *Id.* at 8.

After the government did not file a reply, Mr. Thomas filed a motion for default judgment in which he again challenges the actions of the Department of Justice and reasserts his tort claims. *See* Pl.'s Mot. for Default J. at 1-3, ECF No. 15.

## II.   LEGAL STANDARDS

Jurisdiction is a threshold issue that a court must resolve before proceeding to the merits of a case. *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004). When considering a motion to dismiss for lack of jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Pleadings from *pro se* plaintiffs are held to a more lenient standard than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardas*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff still must satisfy the jurisdictional requirements, despite the more lenient standard. *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014). *Pro se* plaintiffs—as with all plaintiffs—must establish this Court's jurisdiction over their claims by a preponderance of the evidence. *See Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015); *see also Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

The United States Court of Federal Claims has limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). The Tucker Act confers upon this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). In other words, the Tucker Act excludes tort claims from this Court's jurisdiction. *See Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). The Tucker Act is a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To recover against the government, a plaintiff must identify a "substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (*en banc*).

## III.   DISCUSSION

Mr. Thomas has not met his burden, as plaintiff, of establishing this Court's jurisdiction over his claims. Mr. Thomas lists negligence, negligent and intentional misrepresentation, and unjust enrichment as the jurisdictional grounds for his complaint. Each of these causes of action constitutes a tort; and, by virtue of the Tucker Act, this Court explicitly "lacks jurisdiction over tort actions against the United States." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir.

1997); *see also* 28 U.S.C. § 1491(a)(1). Further, Mr. Thomas's complaint does not state a cause of action based upon an express or implied-in-fact contract with the United States or a money-mandating constitutional provision, statute, or regulation, as generally required to establish jurisdiction under the Tucker Act.

Given a liberal reading, Mr. Thomas's complaint perhaps states a claim for an illegal exaction arising from his alleged violation of due process. Compl. at 3. "[A]n illegal exaction claim may be maintained when 'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (1996) (quoting *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605 (1967)). Unlike other types of claims in this Court, with an illegal exaction claim, "[j]urisdiction exists even when the provisions allegedly violated do not contain money-mandating language." *Bernaugh v. United States*, 38 Fed. Cl. 538, 543 (1997), *aff'd*, 168 F.3d 1319 (Fed. Cir. 1998). However, while this Court may ordinarily exercise jurisdiction over an illegal exaction claim, a precondition to Mr. Thomas bringing an illegal exaction claim would be reversal of the default judgment entered against him by the district court, *see id.*, and this Court does not have jurisdiction to review that judgment. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (finding this Court has no jurisdiction to review decisions by district courts)*.* If Mr. Thomas felt that the default judgment was entered in error, his proper course of action would have been to pursue appropriate avenues of relief within the court that entered the judgment. *See Bernaugh*, 38 Fed. Cl. at 544.

With respect to Mr. Thomas's motion for default judgment, default judgment is not appropriate in this case. RCFC 55(a) provides that entry of a default is permitted only if a party against whom relief is sought "has failed to plead or otherwise defend" against the claim. RCFC 55(a). Mr. Thomas filed his complaint on November 23, 2020. *See* Compl. The government satisfied the responsive pleading requirement by filing its motion to dismiss within the required sixty days. *See* RCFC 12(a)(4). Following Mr. Thomas's response to the motion to dismiss, the government elected not to file a reply. Replies are permissive, not mandatory. *See* RCFC 7.2(b)(2) ("A reply to a response *may* be filed within 14 days after service of the response.") (emphasis added). Accordingly, the government has not "failed to plead or otherwise defend" against Mr. Thomas's claim, and default judgment is not appropriate.

## IV.   CONCLUSION

The Court is sympathetic to Mr. Thomas's circumstances, but this Court has limited jurisdiction and lacks the authority to hear his case. Accordingly, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED**. Mr. Thomas's motion to proceed *in forma pauperis* is **GRANTED**, and Mr. Thomas's motion for default judgment is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge